ORIGINAL
D+F
c/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WORLD WIDE TOURS OF GREATER NY,
LTD., individually, WORLD WIDE TRAVEL
OF GREATER NEW YORK, LTD.,
individually, and WESTPORT INSURANCE
COMPANY A/S/O WORLD WIDE TRAVEL
OF GREATER NEW YORK LTD.,

**MEMORANDUM AND ORDER**
Case No. CV-07-1007 (FB)

        Plaintiffs,

-against-

PARKER HANNIFIN CUSTOMER SUPPORT,
INC. and PREVOST CAR (US) INC.,

        Defendants.
------------------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*
CARLETHA S. PARKINSON, ESQ.
Mintzer, Sarowitz, Zeris Ledva & Meyers
39 Broadway, Suite 950
New York, New York 10006

*For the Defendant Parker Hannifin Customer Support, Inc.:*
WILLIAM THYMIUS, ESQ.
CHRISTOPHER P. DIGIULIO, ESQ.
99 Wall Street, 13th Floor
New York, New York 10005

*For the Defendant Prevost Car (US) Inc.:*
VICTOR L. PRIAL, ESQ.
Hunton & Williams LLP
200 Park Avenue
New York, New York 10166

**BLOCK, Senior District Judge:**

        Plaintiffs World Wide Tours of Greater NY, Ltd. ("World Wide Tours"), World Wide Travel of Greater New York Ltd. ("World Wide Travel"), and Westport Insurance Company A/S/O World Wide Travel of Greater New York Ltd. ("Westport") brought this action in the Supreme Court of the State of New York, Kings County, against

1

defendant Prevost Car (US) Inc. for breach of contract, and against both Prevost and Parker Hannifin Customer Support, Inc. ("Parker Hannifin") for negligence, strict liability, and breach of warranty. On March 9, 2007, the action was removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Prevost moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

I

The following facts are drawn from the complaint and the purchase agreement and warranty for a bus sold to World Wide Travel by Prevost; the latter two documents were presented to the Court for the first time as exhibits annexed to Prevost's motion. In ruling on a 12(b)(6) motion, the Court "is to accept as true all facts alleged in the complaint . . [and] is to draw all reasonable inferences in favor of the plaintiff," *Kassner v. 2nd Avenue Delicatessen*, 496 F.3d 229, 237 (2d Cir. 2007); it is to limit its consideration "to facts stated on the face of the complaint and in documents appended to the complaint or incorporated in the complaint by reference, as well as to matters of which judicial notice may be taken." *Automated Salvage Transp. v. Wheelabrator Envtl. Sys.*, 155 F.3d 59, 67 (2d Cir. 1998).

Where "matters outside the pleading are presented to and not excluded by the court," Rule 12(b) provides that "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b). The Second Circuit has noted, however, that consideration of materials outside the complaint need not trigger conversion of a Rule 12(b)(6) motion to a Rule 56 motion where "'plaintiff has actual

2

notice of all the information in movant's papers and has relied upon these documents in framing the complaint.'" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)). As the plaintiffs have relied on the purchase contract and the warranty in their complaint, the Court considers these documents in the face of Prevost's 12(b)(6) motion. *See id.* ("[A] plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion."(emphasis in original)).

World Wide Travel purchased a Model H3-45 bus from Prevost, Compl. at ¶ 3; the purchase contract shows that World Wide Travel paid $384,570 for the bus on June 10, 1999, with delivery to occur on or about July 2, 1999. *See* Motion to Dismiss for Failure to State a Claim for Relief at Ex. A. Prevost warranted general repairs for 24 months and warranted "repair or replacement at no charge of any hidden structural member found to have developed perforation (rust-through) due to corrosion in normal use." *See id.*, Ex. C. The warranties began to run on the date the bus was delivered to the purchaser – here, on or about July 2, 1999. *Id.* Prevost limited the warranties as follows:

> EXCEPT FOR THE WRITTEN WARRANTY STATED ABOVE, THERE ARE NO OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING, WITHOUT LIMITATION, ANY IMPLIED WARRANTY OF PERFORMANCE OR FITNESS FOR A PARTICULAR PURPOSE, WHICH SHALL APPLY TO THE COACH. PREVOST HEREBY DISCLAIMS ANY AND ALL SUCH WARRANTIES. THE PERFORMANCE OF REPAIRS IS THE EXCLUSIVE REMEDY UNDER THIS WARRANTY. NO PERSON IS AUTHORIZED TO MODIFY THIS WARRANTY OR TO ASSUME ANY OTHER LIABILITY

3

> ON BEHALF OF PREVOST CAR INC. UNLESS THIS MODIFICATION IS MADE IN WRITING AND SIGNED BY AN AUTHORIZED OFFICER OF PREVOST CAR INC.
>
> THE OBLIGATIONS OF PREVOST CAR INC. SHALL NOT EXTEND BEYOND THE OBLIGATION EXPRESSLY UNDERTAKEN HERETO AND PREVOST CAR INC. SHALL HAVE NO LIABILITY OR RESPONSIBILITY OR OTHERWISE TO THE PURCHASER OF THE COACH OR ANY THIRD PARTY FOR ANY LOSS OR DAMAGE, WHETHER DIRECT OR INDIRECT, OR FOR INCIDENTAL OR CONSEQUENTIAL DAMAGE.

*Id.*[1]

The bus was operated by World Wide Tours and insured by Westport. Compl. at ¶¶ 2, 4. Plaintiffs allege that on November 14, 2004, a World Wide employee was driving the bus, which also contained passengers, in New Jersey when a fire "erupted from the power steering hose in the engine compartment, spread rapidly to, and was fed by, the surrounding combustible materials, and resulted in a conflagration of the bus." Compl. at ¶ 25. Westport indemnified and paid World Wide Travel and World Wide Tours $273,243.53 for property loss sustained due to the fire. Compl. at ¶ 47. World Wide Tours and World Wide Travel claim that they also sustained uninsured financial losses "caused by business interruption, loss of charter work, loss of revenue and equity for which they were not reimbursed by Westport" in the amount of $400,000. Compl. at ¶ 48.

In seeking to dismiss plaintiffs' action for failure to state a claim, Prevost argues that (1) the strict product liability and negligence claims are barred by the economic

---

[1] The plaintiffs do not dispute that the purchase contract and warranty presented by Prevost are applicable to the bus here at issue.

loss doctrine, which limits recovery in tort for contractually-based economic loss, and (2) the breach of contract and breach of warranty claims are barred by the terms of the Prevost warranty.

II

1. Negligence and Strict Liability Claims

As an initial matter, plaintiffs argue that the Court should apply the substantive law of New Jersey because the bus fire occurred there. New York does not apply the *lex loci delicti* rule when determining choice of law for tort claims; rather, it applies the "greater interest test," pursuant to which "controlling effect is given to the law of the jurisdiction which . . . has the greatest concern with the specific issue raised in the litigation." *Universal Marine Medical Supply, Inc. v. Lovecchio*, 8 F. Supp. 2d 214, 221 (E.D.N.Y. 1998) (quotation marks omitted). In any event, the issue is irrelevant because there is no conflict between the laws of New Jersey and New York, since both recognize the economic loss doctrine as applied to tort recovery between a seller and purchaser. See *Bocre Leasing Co. v. General Motors Corp.*, 84 N.Y.2d 685,(N.Y. 1995) ("[C]ogent policy considerations militate against allowing tort recovery for contractually based economic loss in . . . [a] commercial dispute."); *compare Alloway v. General Marine Industries, L.P.*, 695 A.2d 264, 270 (N.J. 1997) ("When the harm suffered is to the product itself, unaccompanied by personal injury or property damage, [the court has] concluded that principles of contract, rather than of tort law, were better suited to resolve the purchaser's claim. Consequently, [the court has] held that the U.C.C. provided the appropriate period of limitations.") (citing

*Spring Motor Distributors, Inc. v. Ford Motor Co.*, 489 A.2d 660 (N.J. 1985)).

The economic loss doctrine provides that "[t]ort recovery in strict products liability and negligence against a manufacturer [is] not . . . available to a . . . purchaser where the claimed losses flow from damage to the property that is the subject of the contract." *Bocre* at 694. Tort recovery is limited as between a seller and a purchaser because the "particular seller and purchaser are in the best position to allocate risk at the time of their sale and purchase, and this risk allocation is usually manifested in the selling price. Allowing the purchaser to recover in tort for what is, in sum and substance, a commercial contract claim . . . would grant the purchaser more than the 'benefit of [the] bargain' to which the purchaser agreed." *Bocre* at 688-89.

In the complaint, plaintiffs do not allege any personal injury related to the bus fire, nor do they allege any property damage other than damage to the bus itself. Instead, they allege that they suffered losses "caused by business interruption, loss of charter work, loss of revenue and equity for which they were not reimbursed by Westport." Compl. at ¶ 48. These damages are purely economic in nature, as they solely "resul[t] from injury to the contracted-for property [and] the consequential losses flowing from that injury." *Bocre* at 691. Because the economic loss doctrine bars recovery in tort for such damages, the plaintiffs' negligence and strict liability claims cannot succeed.

## 2. Contract and Warranty Claims

Section 2-316 of the Uniform Commercial Code addresses the exclusion or

modification of warranties in contracts for the sales of goods.[2] That section provides that, to exclude or limit an implied warranty of merchantability, "the language [of the exclusion or limitation] must mention merchantability and in case of a writing must be conspicuous." U.C.C. 2-316(2). This requirement, however, is "subject to subsection (3)," which in turn provides that, "[n]otwithstanding subsection (2)," "unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is', 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." U.C.C. Section 2-316(3).

The Prevost warranty associated with the bus expressly and conspicuously excluded implied warranties, prominently stating that, "EXCEPT FOR THE WRITTEN WARRANTY STATED ABOVE, THERE ARE NO OTHER WARRANTIES, EXPRESSED OR IMPLIED . . . ." Motion to Dismiss for Failure to State a Claim for Relief at Ex. C. The exclusion stood out, as it was in all capital letters; a "reasonable person would notice the provision 'when it is juxtaposed against the rest of the agreement.'" *Travelers Ins. Cos. v. Howard E. Conrad, Inc.*, 233 A.D.2d 890 (4th Dep't 1996). Thus, though the warranty exclusion did not use the word "merchantability," it certainly met the requirements of U.C.C. 2-316(3) by "call[ing the exclusion] to the buyer's attention" and "mak[ing] plain

---

[2]As with the tort claims, there is no conflict between the laws of New York and New Jersey in regard to the contract claims because both states adhere to the Uniform Commercial Code. *See* N.Y. UCC LAW § 1-101 (2001)("This Act shall be known and may be cited as Uniform Commercial Code."); *compare* N.J. STAT. ANN. § 12A:1-101 (2004) ("This Act shall be known and may be cited as Uniform Commercial Code.").

that there is no implied warranty." U.C.C. 2-316(3).

Because both the implied warranty of merchantability and the implied warranty of fitness for a particular purpose were properly excluded by Prevost, the Court turns to the question of whether any of the express warranties were still in effect at the time of the bus fire. The bus was delivered on or about July 2, 1999; the fire occurred on November 14, 2004, some five years and four months after the bus was delivered. As the 24-month general repair warranty and the 60-month corrosion warranty began to run on the date of delivery, they were expired as of the date of the fire, and cannot support a cause of action.

### III

Prevost's motion is granted and the plaintiffs' complaint is dismissed as to Prevost in its entirety.

**SO ORDERED.**

/SIGNED/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 21, 2008